People v Bethea (2019 NY Slip Op 01860)





People v Bethea


2019 NY Slip Op 01860


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

109713

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DAHMIR BETHEA, Appellant.

Calendar Date: February 8, 2019

Before: Lynch, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Donnial K. Hinds, Albany, for appellant.
James R. Farrell, District Attorney, Monticello (Meagan K. Galligan of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered July 17, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree and waived the right to appeal. County Court thereafter sentenced him to 10 years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's contention, his waiver of the right to appeal was valid. Defendant was advised that an appeal waiver was a condition of the plea agreement and County Court adequately separated the right to appeal from the rights forfeited by a guilty plea. The court also confirmed that defendant had discussed the waiver with counsel and understood its ramifications. Additionally, defendant and his counsel executed a detailed written waiver that described the scope of the appellate rights waived and included an acknowledgment that defendant was voluntarily relinquishing those rights. Under these circumstances, we conclude that defendant's waiver of the right to appeal was knowing, intelligent and voluntary (see People v Gilliam, 162 AD3d 1413, 1414 [2018], lv denied 32 NY3d 1064 [2018]; People v Dissottle, 160 AD3d 1219, 1219 [2018], lv denied 31 NY3d 1146 [2018]). Defendant's valid appeal waiver precludes his challenge to the severity of the sentence (see People v Jawan, 165 AD3d 1350, 1351 [2018], lv denied 32 NY3d 1173 [2019]; People v Haverly, 161 AD3d 1483, 1484 [2018], lv denied 32 NY3d 938 [2018]).
Lynch, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.